## POSTAL S. S. CORPORATION v. SOUTHERN PAC. CO.

### Nos. 262, 263.

Circuit Court of Appeals, Second Circuit.

June 3, 1940.

John C. Crawley and Earle Farwell, both of New York City, for appellant.

Chauncey I. Clark, of New York City, for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

L. HAND, Circuit Judge.

■ There can be no doubt that the Supreme Court meant to hold that in a crossing case, when the holding-on vessel gets two blasts from the giving-way vessel, which are unacceptable to her, she must neither cross the signal, nor keep her speed, but must at least stop her engines, and if necessary back, "until signals for passing with safety are made and understood". Rule VII. It is quite true that this results in putting the holding-on vessel's privilege at the mercy of the other vessel, if she proposes navigation which the holding-on vessel does not approve. She must not hold her speed, but slacken for a mutually satisfactory exchange of signals. There is not the slightest objection to this; the interest of the holding-on vessel in holding her course and speed is nil; she is called upon to surrender nothing of substance, compared with the overshadowing interest of avoiding collision, or danger of collision. Whether such a rule will better serve to avoid collision is of course another matter; the habit may be so ingrained in masters to press on when another vessel is crossing from their port side that it is impossible to get them to do anything else; perhaps too it would result in confusion if they obeyed. But we cannot pass upon such matters; Congress has very wisely put them in the hands of those who should be, and presumably are, qualified to deal with them—an administrative tribunal skilled in the subject matter. All this is, strictly speaking, quite beside the mark, since the Supreme Court has spoken; but we wish to make it clear how we understand its decision and to say that, if the situation is not as it should be, the only relief open is from the Supervising Inspectors.

■ El Isleo was therefore at fault for violating Rules II and VII, and the damages must be divided unless she was excused because of the Eastern Glade's second signal. It will be remembered that the Eastern Glade first sounded a double blast signal which El Isleo answered with an alarm, or with an alarm and a single blast. The Eastern Glade's reply is also left in doubt; some witnesses say that she too sounded a danger signal and a single blast; some that she merely gave a backing signal, and there were other variants as well. Out of this El Isleo wishes us to infer that in any event the vessels agreed that El Isleo should keep on. Arguendo we will so assume because in our judgment it makes no difference. Rule VII is explicit; it forbids any agreement other than an assent to the proposal, until after the vessels have at least stopped their engines. They may not undertake to agree while they remain under way. That is what El Isleo did, because she supposed that it was her duty, as well as her privilege, to keep on. It is quite impossible to say that if she had stopped—her minimal duty—the collision would still have happened; the probabilities are the other way; and although it is true that, as between the two vessels the Eastern Glade was far more gravely at fault, we have no power to apportion the damages.

Decree reversed; damages divided.